IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Nathan Luckett, # 231477,<br><br>         Petitioner,<br><br>vs.<br><br>Leroy Cartledge,<br><br>         Respondent. | Civil Action No. 6:15-2239-MGL-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

   The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the district court.

## BACKGROUND

   In February 2003, the Orangeburg County Grand Jury indicted the petitioner for kidnapping, first-degree burglary, and armed robbery (app. 369–76). On February 11, 2003, the State served a notice of intent to seek a sentence of life without parole under South Carolina's recidivist statute (app. 243–44). A jury trial was held before the Honorable Edward B. Cottingham, South Carolina Circuit Judge, in Orangeburg on March 24–25, 2003. Crystal Chapman, an Assistant Public Defender, represented the petitioner. Deputy Solicitor Richard Lackey represented the State. The jury convicted the petitioner on all three charges (app. 234–37).

At sentencing, Ms. Chapman contended that, under *State v. Johnson*, 552 S.E.2d 339 (S.C.Ct.App. 2001),[1] there was a defect in the State's notice to seek life without parole. Ms. Chapman moved to quash the State's motion to seek life without parole (app. 245–248). Judge Cottingham denied her motions (app. 248) and imposed a sentence of life without parole (app. 250–51). A timely Notice of Appeal was filed.

Tara S. Taggert, Assistant Appellate Defender, of the then-South Carolina Office of Appellate Defense, represented the petitioner on appeal and on June 21, 2004, filed an *Anders* brief[2] raising one ground: "The trial judge erred in failing to grant a directed verdict of acquittal where there was insufficient evidence of guilt" (doc. 15-2 at 5). Ms. Taggert also filed a motion to withdraw as counsel (doc. 15-2 at 7). On June 23, 2004, the Clerk of the South Carolina Court of Appeals apprised the petitioner that he could file a *pro se* brief within forty-five days (doc. 15-3). The petitioner did not file a *pro se* brief.

The South Carolina Court of Appeals affirmed the convictions on direct appeal in *State v. Luckett*, Unpublished Opinion No. 2005-UP-206 (S.C.Ct.App. Jan. 13, 2005). The remittitur in the direct appeal was issued on February 15, 2005, and was filed by the Clerk of Court for Orangeburg County on February 23, 2005 (doc. 15-5).

The petitioner filed a *pro se* application for post-conviction relief ("PCR") (Case No. 2007-CP-38-781) on June 20, 2007 (app. 258–64). In his application, the petitioner raised three grounds relating to ineffective assistance of counsel, including trial counsel's failure to request an *in camera* hearing on identification, failure to object to the in-court identification, and failure to request a charge on identification (app. 260). The petitioner also alleged denial of due process of law (app. 260).

---

[1] The Supreme Court of South Carolina overruled *State v. Johnson* in 2007. *See James v. State*, 641 S.E.2d 899, 903 (S.C. 2007) ("As the court of appeals' decision in *State v. Johnson* is inconsistent with this pronouncement, it is overruled.").

[2] *Anders v. California*, 386 U.S. 738 (1967).

On September 28, 2007, the State filed a return and motion to dismiss on the grounds that the application was not timely (app. 265–68).  Counsel was appointed for the petitioner.  On June 23, 2009, George C. Johnson, the petitioner's post-conviction counsel, filed an amended application for PCR and raised four additional grounds: (1) trial counsel failed "to contemporaneously object to the testimony of Deputy Footman regarding the applicant trying to avoid being arrested;" (2) trial counsel was ineffective for failing to challenge the admissibility of the victim's prior drug conviction for the purpose of impeaching his credibility; (3) trial counsel was ineffective for failing "to fully investigate" alibi witnesses; and (4) trial counsel was ineffective "for failing to ask for a continuance to prepare adequately for trial" (doc. 15-6 at 1).   The State filed an amended return and motion to dismiss on December 1, 2009 (app. 269–72) and reasserted the statute of limitations defense under *Peloquin v. State*,  409 S.E.2d 606, 607 (S.C. 1996), and the doctrine of laches (app. 270–72).

A post-conviction hearing was held on December 7, 2009, before the Honorable Edgar W. Dickson, South Carolina Circuit Judge (app. 280–358).  George C. Johnson represented the petitioner.  Assistant Attorney General Mary S. Williams represented the State (app. 280).  Lisa Mizzell, the former Clerk of Court for Orangeburg County, testified about a PCR application, which was initially assigned a case number and then returned to the petitioner in August 2005 (app. 290–96).  The petitioner also testified (app. 299–330).  Ms. Chapman, the petitioner's trial counsel, also testified (app. 332–51).

The Court of Common Pleas denied relief in an order dated December 11, 2011, but filed on January 11, 2012 (app. 361–68).  The PCR court noted that it was *not* dismissing the PCR application on limitations grounds because of the testimony that gave

3

rise to a discrepancy as to whether the application was timely filed (app. 362–63).³ The PCR court found that trial counsel was not ineffective for failing to object to the assistant solicitor's comments relating to senseless acts of violence (app. 364–65), was not ineffective for failing to investigate the alibi witness or for failing to ask for a continuance (app. 365–66), and was not ineffective for failing to argue that the victim's prior drug convictions were admissible for impeachment (app. 366). The PCR court also found that there was no *Brady* violation (app. 367).⁴ The PCR court also held that the applicant had waived two allegations: (1) trial counsel's failure to object to the testimony of Officer Footman; and (2) the allegation regarding the State's notice of intent to seek life without parole (app. 368).

Robert M. Dudek of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, filed a petition for writ of certiorari (S.C. Appellate Case No. 2012-207560) on October 12, 2012 (doc. 15-7 at 1–14). One ground was raised in the petition for writ of certiorari:

> The PCR court erred by ruling defense counsel provided effective representation where she conceded the alleged victim's prior drug convictions were not admissible against him, particularly since the alleged victim painted himself as a hard-working citizen who just happened to have seven hundred dollars in cash and jewelry with him, since the alleged victim's prior drug convictions were probative of his credibility to misrepresent himself as he did in this case, and there [*sic*] probative value substantially outweighed their prejudicial effect under Rule 403, SCRE pursuant to Rule 609, SCRE[.]

(Doc. 15-7 at 2). The State filed its return (doc. 15-8 at 1–12) on January 28, 2013.

---

³Lisa Mizzell's trial testimony and PCR exhibits indicate that the petitioner on or about August 11, 2005, mailed a PCR application to the Clerk of Court for Orangeburg County. The Office of the Clerk of Court for Orangeburg County initially assigned a case number, Case No. 05-CP-38-855, but "took back" the case number and, apparently, returned the PCR application to the petitioner (*see* doc. 15-1 at 381–87).

⁴*Brady v. Maryland*, 373 U.S. 83 (1963) (prosecutors must disclose exculpatory evidence to criminal defendants).

The South Carolina Court of Appeals denied certiorari in the appeal of the PCR case on July 3, 2014 (doc. 15-10). The remittitur in the PCR case was received and filed by the Clerk of Court for Orangeburg County on July 24, 2014 (doc. 15-11).

*Federal Habeas Proceedings*

The petitioner delivered the Section 2254 habeas petition in the instant case to prison officials for mailing on May 27, 2015 (doc. 1-4). The Clerk's Office docketed the petition on June 4, 2015. On August 10, 2015, the respondent filed a motion for summary judgment (doc. 14) and a return and memorandum (doc. 15). The undersigned on August 11, 2015, issued a *Roseboro* order to apprise the petitioner of dispositive motion procedure and of the consequences if he failed to respond adequately to the motion (doc. 16). *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). The petitioner on September 4, 2015, filed a motion for an extension of time (doc. 18), which the undersigned granted by text order (doc. 19) on September 9, 2015. The petitioner filed his response (doc. 21) in opposition to summary judgment on October 15, 2015.

*Respondent's Memorandum*

In the memorandum in support of the motion for summary judgment, the respondent seeks summary judgment on the grounds that the petition is untimely (doc. 15 at 12–17). The respondent contends: (1) the petitioner's conviction became final on January 28, 2005 (*id*. at 13–14); (2) the limitations period expired before the filing of the first post-conviction case on June 20, 2007 (*id*. at 14); (3) even if the PCR application returned to the petitioner by the Clerk of Court for Orangeburg County in August 2005 tolled the limitations period, the federal habeas petition is still untimely (*id*. at 15); (4) the petitioner is not entitled to equitable tolling (*id*. at 16–17); (5) the petitioner acknowledges that Grounds One [denial of counsel at first appearance] and Two [denial of counsel at a critical stage of criminal proceedings] are procedurally defaulted (*id*. at 19–21); and (6) the PCR Court reasonably determined the facts with respect to Ground Three [failure to object to

5

Solicitor's motion to exclude the victim's prior convictions] under *Strickland v. Washington*, 466 U.S. 668 (1984) (*id*. at 19–23).

*Petitioner's Response*

In his response, the petitioner contends that the above-captioned case is not barred by the statute of limitations because the failure to appoint counsel for the petitioner's arraignment was a unique constitutional defect or a jurisdiction defect (doc. 21 at 5–6). The petitioner appears to be contending that the failure to appoint counsel during the criminal proceedings was a structural error and that the court should excuse the procedural default to prevent a fundamental miscarriage of justice (*id*. at 7–9). In his response, the petitioner addresses his three grounds in detail (*id*. at 9–25).

## APPLICABLE LAW AND ANALYSIS

*Standard of Review*

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold

demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue.  *Id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.  Summary judgment is not "a disfavored procedural shortcut" but an important mechanism for weeding out "claims and defenses [that] have no factual bases."  *Celotex*, 477 U.S. at 327.

*Statute of Limitations*

The petitioner dated the petition in the above-captioned case as May 27, 2015 (doc. 1 at 14, 16).  The envelope used to mail the petition bears a prison mailroom stamp and postage mark of May 27, 2015 (doc. 1-4).  Accordingly, May 27, 2015, is the filing date for limitations purposes.  *Houston v. Lack*, 487 U.S. 266, 276 (1988).

The statute of limitations defense in a habeas corpus action is an affirmative defense.  *United States v. Blackstock*, 513 F.3d 128, 133 (4th Cir. 2008) ("Nonetheless, AEDPA's limitations period is an affirmative defense, and Blackstock was not required to allege in his petition facts that could refute the defense.") (action brought pursuant to 28 U.S.C. § 2255). The respondent has properly raised the statute of limitations as an affirmative defense in the memorandum (doc. 15 at 12–17), and the petitioner has been given an opportunity to respond by the court's issuance of a *Roseboro* order (doc. 16) on August 11, 2015.

7

The present habeas corpus petition was filed more than eighteen years after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, the provisions of the AEDPA apply to this case. *Lindh v. Murphy*, 521 U.S. 320, 336–37 (1997). The respondent first argues that the petition is untimely under the one-year statutory deadline set forth in the AEDPA.[5] This magistrate judge agrees. The one-year time period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[6] However, "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2). State collateral review tolls the one-year statute of limitations under Section 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), but it does not establish a right to file within one year after completion of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Applying these criteria to the present case, the petitioner did not timely file within the one-year limitations period in Section 2244(d)(1)(A). The South Carolina Court of Appeals issued the opinion in the petitioner's direct appeal on January 13, 2005, and the petitioner's conviction became final fifteen days later, on Friday, January 28, 2005, having failed to file a timely petition for rehearing. *See Gonzalez v. Thaler,* 132 S.Ct. 641, 654-55 (2012) (rejecting use of remittitur dates in applying 28 U.S.C. § 2244(d)(1)(A) and stating that because petitioner "did not appeal to the State's highest court, his judgment became

---

[5]As the undersigned recommends that the petition be dismissed as untimely, the respondent's remaining arguments will not be addressed. *See Graham v. McCall*, Civil Action No. 6:10-376-MBS, 2011 WL 649698, at *4 (D.S.C. Feb. 11, 2011) ("The remainder of Petitioner's objections do not relate to the timeliness of the Habeas Petition and therefore need not be addressed.").

[6]The statute provides other possible start dates for the one-year time period that are not relevant here. *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

final when his time for seeking review with the State's highest court expired"); Rule 221(a), SCACR (petition for rehearing must be actually received by the court within fifteen days from opinion). The petitioner's failure to file a petition for rehearing precluded him from seeking certiorari from the South Carolina Supreme Court, as the remittitur must be issued absent the timely filing of such a petition. *See* Rule 221(b), SCACR; *see also Wise v. S.C. Dep't of Corr.*, 642 S.E.2d 551, 551 (S.C. 2007) ( "When the remittitur has been properly sent, the appellate court no longer has jurisdiction over the matter and no motion can be heard thereafter."). Further, since the petitioner failed to seek certiorari from the South Carolina Supreme Court, he is not entitled to the tolling of an additional ninety days. *See Gonzalez*, 132 S.Ct. at 654 ("[B]ecause [petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired."). Accordingly, the limitations period began to run on January 29, 2005, and expired on January 28, 2006, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); *see also Hernandez v. Caldwell*, 225 F.3d 435, 438–39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

By the time that the petitioner properly filed his first application for PCR (Case No. 2007-CP-38-781) on June 20, 2007, the limitations period for filing a timely Section 2254 action had already expired. *See Graham v. McCall*, Civil Action No. 6:10-376-MBS-KFM, 2010 WL 5824266 (D.S.C. Oct. 18, 2010) (PCR actions filed after expiration of federal limitations period "could toll nothing"), *adopted by* 2011 WL 649698 (D.S.C. Feb. 11, 2011).

Moreover, the filing of the petitioner's prior federal habeas corpus action (Civil Action No. 6:14-3900-MGL-KFM), which was dismissed *without prejudice* for failure to

prosecute,[7] did not toll the limitations period for the above-captioned case. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (filing of federal habeas petition does not toll the limitations period for filing a timely petition under 28 U.S.C. § 2254).

The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 329–30 (4th Cir. 2000)." To be entitled to equitable tolling, a petitioner must show (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Equitable tolling "must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. Courts in this circuit have held that extraordinary circumstances warranting equitable tolling do not include unfamiliarity with the legal process and inadequacy of the prison law library. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling") (citation omitted); and *Garvin v. Eagleton*, Civil Action No. 8:12-1165-JMC, 2013 WL 3821482, at *13 (D.S.C. July 23, 2013) ("Petitioner's allegations regarding lack of resources in the law

---

[7] *See Nathan Luckett v. Leroy Cartledge*, Civil Action No. 6:14-3900-MGL-KFM, which was filed on October 7, 2014. In an order filed in that case on October 8, 2014, the undersigned authorized service of the petition. On February 4, 2015, the respondent filed a return, memorandum, and motion for summary judgment. A *Roseboro* order was issued on February 5, 2015. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). A response by the petitioner to the *Roseboro* order was due on March 12, 2015. The petitioner did not file a response. Hence, on April 7, 2015, the undersigned issued an order apprising the petitioner that he had until April 27, 2015, to respond to the motion for summary judgment and that if he failed to respond the case could be dismissed for failure to prosecute. The petitioner did not respond. In a report and recommendation filed in Civil Action No. 6:14-3900-MGL-KFM on April 28, 2015, the undersigned recommended that the case be dismissed for failure to prosecute. The petitioner filed objections to the report and recommendation on May 12, 2015. On May 13, 2015, the Honorable Mary G. Lewis, United States District Judge, dismissed the petition in Civil Action No. 6:14-3900-MGL-KFM *without prejudice*, terminated the respondent's motion for summary judgment as moot, and denied a certificate of appealability.

library do not constitute the type of extraordinary circumstances that justify equitable tolling because alleged inadequacies of prison law libraries do not toll the statute of limitations.").

Even if one were to assume that the petitioner is entitled to equitable tolling with respect to the August 2005 PCR application that was, so to speak, "unfiled" and returned to the petitioner (doc. 15-1 at 386–87), the petitioner was apprised by Clerk of Court Mizzell's letter of March 14, 2007, that his August 2005 application had not been filed (doc. 15-1 at 387). The petitioner is presumed to have received the March 14, 2007, letter from the Clerk of Court for Orangeburg County by Monday, March 19, 2007.[8] *Ish v. Arlington Cnty.*, No. 90-2344, 1990 WL 180127, at *1 (4th Cir. Nov. 21, 1990) ("We reverse the district court's decision in part, however, because Federal Rule of Civil Procedure 6(e) provides the presumption that if the date of receipt is unknown or in dispute, courts presume receipt three days after mailing.").[9]

The petitioner waited an additional 93 days before filing his PCR application in Case No. 2007-CP-38-781, on June 20, 2007 (app. 258–64). The remittitur in that PCR case was filed by the Clerk of Court for Orangeburg County on July 24, 2014 (doc. 15-11), so the limitations period was not tolled after that date. *See Beatty v. Rawski*, C.A. No. 1:13-3045-MGL-SVH, 2015 WL 1518083, at *3–6 (D.S.C. Mar. 31, 2015) (finding that final disposition of a PCR appeal in South Carolina does not occur until the remittitur is filed in the circuit court, and thus the Section 2254(d)(1) statute of limitations is tolled until that time). Three hundred and seven (307) days passed between the filing of the remittitur in

---

[8] It can be judicially noticed that the SCDC does not deliver mail to inmates on weekends. *See Rivera v. Byars*, C.A. No. 8:12-cv-2469-JMC, 2013 WL 3894843, at *2 (D.S.C. July 25, 2013) ("Rather, SCDC Policy PS–10.08 § 5.1 states that it is 'SCDC's goal to distribute letters to inmates within 24 hours of receipt ... (excluding weekends and holidays).'"). Hence, the plaintiff would not have received the March 14, 2007, letter from Ms. Mizzell on Saturday, March 17, 2007.

[9] The notation ("no record of any PCR being filed") by Clerk of Court Mizzell on a response to an inquiry by the petitioner may indicate that the petitioner was apprised as early as the summer of 2006 that the August 2005 PCR application, which he mailed to the Clerk of Court for Orangeburg County, in August 2005 had not been filed (doc. 15-1 at 385).

the PCR case and the delivery of the Section 2254 petition in the above-captioned case to prison officials for mailing on May 27, 2015.  Hence, even if the petitioner is entitled to equitable tolling with respect to the PCR application that he attempted to file in August 2005[10], there are still three periods of untolled time that total 595 days: 195 days (January 29, 2005, to August 11, 2005); 93 days (March 20, 2007, to June 20, 2007); and 307 days (July 25, 2014, to May 27, 2015).

Based upon the foregoing, the petitioner has not shown that he has pursued his rights diligently, nor has he shown that some extraordinary circumstance stood in his way and prevented him from timely filing his federal petition. Accordingly, the petitioner is not entitled to equitable tolling, and his petition is barred by Section 2244(d)(1) and should be dismissed.

## CONCLUSION AND RECOMMENDATION

It is recommended that the respondent's motion for summary judgment (doc. 14) be granted.  It is also recommended that the District Court deny a certificate of appealability.  The attention of the parties is directed to the Notice on the next page.

s/ Kevin F. McDonald
United States Magistrate Judge

November 6, 2015
Greenville, South Carolina

---

[10]The petitioner claimed in the state PCR action in Case No. 2007-CP-38-781 that he sent his prior PCR application for filing on August 11, 2005 (app. 278).

12

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).