IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nathan Luckett, | ) | Civil Action No. 6:15-2239-MGL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Nathan Luckett, ("Petitioner"), an inmate in the custody of the South Carolina Department of Corrections, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for review of post-trial petitions for relief and a Report and Recommendation ("Report").

On November 6, 2015, the Magistrate Judge issued a Report, (ECF No. 24), recommending that the Court grant Respondent's Motion for Summary Judgment, (ECF No. 14), and that Petitioner's Petition be dismissed as time-barred. Objections to the Report were originally due by November 23, 2015. Plaintiff sought and obtained a lengthy extension of that deadline to January 11, 2016. (ECF Nos. 26 and 28). Following the Court's denial of a request for a further extension, (ECF Nos. 30 and 32), Plaintiff submitted an Objection on January 11, 2016. (ECF No. 35). The matter is now ripe for review by this Court.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and Petitioner's Objection. The Court concludes that no where in Petitioner's Objection does he meaningfully counter the core legal conclusion of the Magistrate Judge, specifically, the finding that Petitioner filed the instant action well outside the one year limitation period for § 2254 petitions. Although Petitioner cites the doctrine of equitable tolling and maintains that for various reasons he should be entitled to relief pursuant to that doctrine, tellingly, Petitioner also acknowledges in passing that he was not even aware of the one year statute of limitations governing federal habeas actions until after May 2015. See ECF No. 35 at p. 7 ("Accordingly, the provisions of the AEDPA apply to this case, Petitioner objects, because May 27, 2015 he did not know of AEDPA until about that time, which was time for filing federal habeas corpus."). Obviously, Petitioner cannot establish that he has been diligently pursuing his rights since 2005 and that only because extraordinary circumstances stood in his way did he file an untimely petition, where he was not even aware of the governing statute of limitations until sometime in 2015.

For the forgoing reasons, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference, (ECF No. 24), overruling Petitioner's Objection. (ECF No. 35). Respondent's Motion for Summary Judgment, (ECF No. 14), is

**GRANTED** and Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED**.

### Certificate of Appealability

The governing law provides that:

> (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253© .   A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

s/ Mary G. Lewis<br>
United States District Judge

January 19, 2016
Columbia, South Carolina